UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WBCMT 2003-C9 ISLAND
LIVING, LLC,

    Plaintiff,

v.

    Case No. 14-cv-14243
    Hon. Matthew F. Leitman

SWAN CREEK LIMITED
PARTNERSHIP,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR APPOINTMENT OF RECEIVER AND DIRECTING PLAINTIFF TO SUBMIT PROPOSED RECEIVER CANDIDATE(S)**

On November 4, 2014, Plaintiff WBCMT 2003-C9 Island Living ("Island Living") filed an *ex parte* motion for a preliminary injunction and the appointment of a receiver to manage and control a mobile home community currently operated by Defendant Swan Creek Limited Partnership ("Swan Creek") at 23379 Island Drive, New Boston, Michigan (the "Property"). (*See* the "Motion," ECF #2.) The Court declined to grant *ex parte* relief and ordered responsive briefing and oral argument. (*See* ECF #5.) Having now received briefing and heard argument from both parties, the Court **GRANTS** Island Living's request for the appointment of a receiver.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about November 6, 2003, Swan Creek obtained a $4.35 million loan (the "Loan") from LaSalle Bank, N.A. ("LaSalle") to purchase the Property. (*See* ECF #1-4.) Swan Creek executed three documents in connection with the Loan: a promissory note establishing a repayment schedule (the "Note," *id.*); a mortgage as security for the Loan (the "Mortgage," ECF #1-5); and an "Assignment of Leases and Rents" (the "Assignment of Rents," ECF #1-6) (collectively, the "Loan Documents"). Island Living later acquired LaSalle's interests in the Loan Documents through a series of assignments. (*See* the First Amended Complaint, hereinafter the "Complaint," ECF #11, at ¶¶18-20; *see also* ECF #1-8.)

Both the Mortgage and Assignment of Rents provide that Island Living is entitled to the appointment of a receiver if Swan Creek defaults on its payment obligations under the Note. Specifically, the Mortgage provides as follows:

> If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of any security for the Indebtedness, without any showing of fraud or mismanagement on the part of Borrower or the insolvency of any party bound for its payment, to the appointment of a receiver or the immediate appointment of Lender to take possession of and to operate the Property, and to collect and apply the rents, issues, profits, and revenues thereof.

2

(Mortgage at § 24, Pg. ID 74.)  In addition, the Assignment of Rents provides as follows:

> Upon or at any time after the occurrence of … an Event of Default … Lender shall immediately be entitled to possession of all Rents and sums due under any lease Guaranties, whether or not Lender enters upon or takes control of the Property.  In addition, Lender may, at its option … without notice and without regard to the adequacy of the security for the Debt, either in person or by agent, nominee or attorney, with or without bringing any action or proceeding, or by a receiver appointed by a court (which such appointment of receiver shall, upon application to a court of competent jurisdiction, be a matter of strict right, without notice) dispossess Borrower and its agents and servants from the Property … and take possession of the Property and all books, records and accounts relating thereto and have, hold, manage, lease and operate the Property on such terms and for such period of time as Lender may deem proper….

(Assignment of Rents at § 3.1, Pg. ID 97.)  In addition, the Mortgage provides that upon a default by Swan Creek, Island Living may, among other things, exclude Swan Creek from the Property and access Swan Creek's books and records regarding the Property.  (*See* Mortg. at § 21.)

Island Living now alleges that Swan Creek has defaulted on its payment obligations under the Note (*see* the Compl. at ¶¶22-26).  At oral argument, Swan Creek conceded that it is in default under the Note.  Island Living has commenced foreclosure-by-advertisement proceedings on the Property.  (*See* ECF #12.)

In its Motion, Island Living seeks to enforce the covenants in the Loan Documents entitling it to the appointment of a receiver. Specifically, Island Living seeks "an order requiring that a receiver be appointed to manage and control" the Property and a preliminary injunction to "protect [Island Living's] interest in the [P]roperty and income therefrom." (Mot. at 1, Pg. ID 156.) Island Living is concerned that, without these remedies, Swan Creek will fail to maintain the Property and collect rents while foreclosure proceedings are pending. (*See id.* at 12-13, Pg. ID 174-75.) Swan Creek opposes the requested relief. (*See* Resp. Br.)

## **ANALYSIS**

"There is a split of authority over whether the parties' advance consent to the appointment of a receiver in the mortgage documents is dispositive to the issue of appointment, or whether it is simply one factor among the others that a court must consider." *Fed. Nat'l Mortgage Ass'n v. Mapletree Investors Ltd. P'ship*, No. 10-10381, 2010 WL 1753112, at *3 (E.D. Mich. Apr. 30, 2010) (collecting cases). Under either approach, however, Island Living has established its right to relief.

Assuming, without deciding, that Swan Creek's advance consent to the appointment of a receiver in the Loan Documents is dispositive, Island Living is plainly entitled to such relief. Indeed, Swan Creek expressly agreed in the Mortgage and Assignment of Rents that Island Living would be entitled as "a matter of strict right" to the appointment of a receiver to operate the Property if

Swan Creek defaulted on its payment obligations. (Mortg. at § 24; Assignment of Rents at § 3.1.) Here, it is undisputed that Swan Creek has failed to satisfy its payment obligations and, therefore, is in default under the terms of the Loan Documents. Accordingly, under this approach, Island Living is now entitled to the appointment of a receiver based on the unambiguous language of the Mortgage and Assignment of Rents. *See, e.g., Fed. Nat'l Mortgage Ass'n v. Maple Creek Gardens, LLC*, No. 09-14703, 2010 WL 374033, at *3 (E.D. Mich. Jan. 25, 2010) ("[Borrower's] agreement in the Mortgage to the appointment of a receiver upon its default alone is sufficient to conclude that [Lender] is entitled to such an appointment at this time."); *see also Fed. Nat'l Mortgage Ass'n v. Newberry Apartments of Eaton County, Ltd.*, No. 11-00968, slip op. at 2-4 (W.D. Mich. Oct. 20, 2011) (ordering appointment of receiver where borrower consented to appointment in loan documents).[1]

---

[1] A judge in this District has suggested that a court should not grant a lender's request for the appointment of a receiver "in the absence of a breach of contract claim or a judicial foreclosure." *Fed. Nat'l Mortgage Ass'n v. Wellington Investments, LLC*, No. 11-11414, 2011 WL 2787270, at *3 (E.D. Mich. July 15, 2011). In this case, Island Living seeks to enforce its contractual right to the appointment of a receiver in light of Swan Creek's two separate breaches of the Loan Documents: (1) Swan Creek's failure to satisfy is payment obligations, and (2) Swan Creek's refusal to consent to the appointment of a receiver despite its prior consent to such relief in the Mortgage and Assignment of Rents. Given these breaches, Island Living is now entitled to the appointment of a receiver.

As noted above, some courts have indicated that a borrower's consent to a post-default appointment of a receiver is persuasive, but not necessarily dispositive, of the lender's right to relief. *See, e.g., Quality Props. Asset Mgmt. Co. v. Sehn Harrison, L.L.C.*, No. 11-10961, 2011 WL 3329889, at *2 (E.D. Mich. Aug. 3, 2011); *Mapletree Investors*, 2010 WL 1753112, at *3. These courts suggest that certain other factors are relevant to the lender's right to a receiver, including, most importantly, the adequacy of the security and the financial position of the borrowers. *See Mapletree Investors*, 2010 WL 1753112, at *3.[2] On balance, this Court finds that these additional factors weigh in favor of granting Island Living's request for appointment. Most importantly, Swan Creek has conceded that, based on a recent appraisal, the fair market value of the Property is substantially lower than the outstanding balance on the Loan and, further, that it lacks sufficient resources to repay the Loan. Thus, the security for the Loan and Swan Creek's financial resources are inadequate to ensure Island Living's right to repayment. Moreover, the Court notes that the pending foreclosure-by-advertisement reduces – if not eliminates – Swan Creek's incentive to maintain,

---

[2] The other factors include (1) any fraudulent conduct by the borrower, (2) imminent danger of the property being diminished in value, (3) inadequacy of legal remedies, (4) probability that harm to the plaintiff by denial of appointment would outweigh injury to the party opposing appointment, (5) plaintiff's probability of success in the action and the possibility of irreparable injury to plaintiff's interest in the property, and (6) whether plaintiff's interests sought to be protected will in fact be well-served by the receivership. *See Mapletree Investors*, 2010 WL 1753112, at *3.

repair, and invest in the Property. This creates a real risk of the Property being diminished in value. In light of this risk, the denial of a receiver would potentially harm Island Living. In contrast, because Swan Creek already consented to a receiver in the Loan Documents, granting relief would not inflict harm on Swan Creek. *See id.* at \*5 ("[Borrower] agreed not to contest receivership appointment and there is little harm in enforcing the terms of the parties' bargain.") Accordingly, the Court concludes that the relevant factors – including Swan Lake's consent to a receiver – weigh in favor of the appointment of a receiver during the foreclosure process and redemption period.

Swan Creek opposes Island Living's Motion on the grounds that Island Living has not satisfied common-law test for the appointment of a receiver. (*See* Resp. Br. at 2-5, Pg. ID 249-252 (citing *Hofmeister v. Randall*, 335 N.W.2d 65, 67 (Mich. Ct. App. 1983)).) However, Swan Creek has cited no authority for the proposition that this common-law test applies where, as here, a borrower contractually agreed, *ex ante*, to the appointment of a receiver following the borrower's default. Under these circumstances, Swan Creek has failed to demonstrate that Island Living is not entitled to the appointment of a receiver.

## CONCLUSION

For all the reasons stated in this Order, Island Living's request for the appointment of a receiver is **GRANTED**. **IT IS HEREBY ORDERED** that

7

Island Living shall propose, in writing, one or more candidates to serve as receiver by no later than January 16, 2015.[3] Island Living shall describe the qualifications of the proposed candidate(s) in its submission. **IT IS FURTHER ORDERED** that Swan Creek may object to Island Living's proposed candidate(s), in writing, by no later than January 22, 2015. The Court will enter then an order naming and specifically defining the powers of the receiver for the Property.

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: January 9, 2015

---

[3] Island Living has already proposed one potential receiver to the Court. (*See* Mot. at 2, Pg. ID 157.) That proposed receiver was an individual who worked for a company that performs receivership services under these circumstances (the "Company"). A representative of the Company (the "Representative") accompanied counsel for Island Living to the hearing on this motion. The Representative was not the specific individual whom Island Living proposed as the receiver; the Representative and the proposed receiver both work with the Company. Roughly ten years ago, the Representative and the Court worked as attorneys in the same law firm. They have not worked together since at least December 1, 2004. They do, however, remain friends. The connection between the Representative and the Court played absolutely no role whatsoever in the Court's decision to grant the relief described above. Moreover, the Court is confident that, notwithstanding its connection to the Representative, it could have properly appointed Island Living's proposed receiver – who appears to be well-qualified and well-suited for the position. However, out of an abundance of caution – and to remove any possible suggestion that there could arguably be an appearance of impropriety if the Court were to appoint an affiliate of the Company as receiver – the Court declines to appoint Island Living's proposed receiver as the receiver in this action. The Court will appoint as receiver an individual who is not connected to the Company. Finally, the Court wishes to make clear that it does not believe that Island Living was attempting to influence the Court in any improper manner by bringing the Representative to the hearing.

8

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2015, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda
                                      Case Manager
                                      (313) 234-5113