UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WBCMT 2003-C9 ISLAND LIVING, LLC,

    Plaintiff,

v.

SWAN CREEK LIMITED PARTNERSHIP,

    Defendant.

Case No. 14-cv-14243
Hon. Matthew F. Leitman

_____

**STIPULATED JUDGMENT IN FAVOR OF WBCMT 2003-C9 ISLAND LIVING, LLC ON ITS CLAIM FOR BREACH OF CONTRACT/ ENFORCEMENT OF MORTGAGE SEEKING APPOINTMENT OF RECEIVER**

Plaintiff WBCMT 2003-C9 Island Living, LLC ("Island Living" or "Plaintiff") and Defendant, Swan Creek Limited Partnership ("Swan Creek" or "Defendant") , hereby stipulate and agree to the following:

1.    On November 4, 2014, Island Living filed its Complaint for Breach of Contract and Enforcement of Mortgage, including Assignment of Rents and Appointment of a Receiver) and a Preliminary Injunction (the "Complaint") [Dkt. No. 1].

2.    Also on November 4, 2014, Island Living filed an *ex parte* Motion to Appoint Receiver (the "Receiver Motion") over the mobile home community which was the subject of the mortgage (the "Property") [Dkt. No. 2].

4852-5781-1295.4

3. On November 5, 2014, the Court denied the Receiver Motion on an *ex parte* basis and set a hearing to consider the merits of the Receiver Motion [Dkt. No. 5].

4. On November 13, 2014, Swan Creek responded to the Receiver Motion. [Dkt. Nos. 7 and 8], and on November 21, 2014, Island Living filed a reply brief in response [Dkt. No. 9].

5. On November 24, 2014, the Court held a hearing on the Receiver Motion and took the matter under advisement.

6. On November 26, 2014, Island Living filed its Amended Complaint for Breach of Contract and Enforcement of Mortgage, including Assignment of Rents and Appointment of a Receiver) and a Preliminary Injunction (the "Amended Complaint") [Dkt .No. 11].

7. On January 9, 2015, after a further telephonic status conference, the Court entered an order granting the Receiver Motion. [Dkt. No. 15]. The Court found that Island Living was entitled to a receiver upon Swan Creek's admitted default under the terms of the Mortgage and Assignment of Rents. *Id.* at p.5. The Court further found that the circumstances of the case, including the risk to Island Living's collateral if a Receiver were not appointed, weighed in favor of the appointment. *Id*. at p. 7.

2

8. On January 23, 2015, the Court entered an order appointing Victor Roth as Receiver and detailing the Receiver's powers and duties (the "Receiver Order") [Dkt. No. 18].

9. On December 1, 2016, the Wayne County Sheriff held a foreclosure sale for the Property. Island Living was the high bidder for the Property.

10. On March 10, 2017, Swan Creek filed a motion to terminate the receivership and distribute funds held by the Receiver (the "Termination and Distribution Motion") [Dkt. No. 44].

11. On March 24, 2017, Island Living filed its response to the Termination and Distribution Motion [Dkt. No. 45], and on March 31, 2017, Swan Creek filed its reply in support of the Termination and Distribution Motion [Dkt. No. 49].

12. On May 26, 2017, Swan Creek exercised its redemption rights to the Property under Michigan law and paid Island Living the redemption amount provided for by statute. At that point, title to the Property vested in Swan Creek, and Swan Creek sold the Property to a third party entity.

13. On July 27, 2017, the Court held a hearing on the Termination and Distribution Motion. At the hearing, the Court ordered supplemental briefing be filed by each party.

4852-5781-1295.4

14. On September 8, 2017, both Island Living and Swan Creek filed their supplemental briefs with respect to the Termination and Distribution Motion [Dkt Nos. 60 and 61].

15. On October 23, 2017, the Court issued an order denying the Termination and Distribution Motion (the "Termination and Distribution Order") [Dkt. No. 63]. Furthermore, the Court concluded that the Receivership had terminated upon redemption and sale of the Property. Termination and Distribution Order, p. 12, f.3.

16. On November 8, 2017, Swan Creek filed its Notice of Appeal regarding the Termination and Distribution Order [Dkt. No. 65].

17. The Parties filed their respective briefs with the Sixth Circuit Court of Appeals.

18. On June 15, 2018, the Sixth Circuit Court of Appeals issued an opinion affirming the Termination and Distribution Order. [Dkt. No. 75].

The Court, having accepted the Parties' stipulated facts, and being otherwise fully advised in the premises, **IT IS HEREBY ORDERED:**

19. A judgment shall be entered in favor of Island Living and against Swan Creek on Island Living's claim for Breach of Contract and Enforcement of Mortgage, in accordance with the prior orders entered in the case, but in no event

4852-5781-1295.4

for any amount further due and owing from Swan Creek to Island Living. Each party shall bear its own costs.

20. The Receiver shall file its final report with the Court within 30 days of the entry of this Judgment.

21. Upon entry of this Judgment, the case will be closed.

**IT IS SO ORDERED.**

> s/Matthew F. Leitman
> MATTHEW F. LEITMAN
> UNITED STATES DISTRICT JUDGE

Dated: August 8, 2018

## **STIPULATION**

The undersigned parties hereby stipulate and agree to entry of the above Stipulated Order:

| By: /s/ Ann Marie Uetz | By: /s/ Howard W. Burdett (with consent) |
|---|---|
| Ann Marie Uetz (P48922) | Howard W. Burdett, Jr. (P63185) |
| FOLEY & LARDNER LLP | HOWARD & HOWARD |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 500 Woodward Avenue, Suite 2700 | 450 West Fourth Street |
| Detroit, Michigan 48226 | Royal Oak, Michigan 48067 |
| (313) 234-7100 | (248) 645-1568 |

4852-5781-1295.4